UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY ORR,            ) | |
| )| |
| Plaintiff,       ) | |
| ) | |
| vs.                     ) | Civil Action No. 5:12-CV-4209-CLS |
| ) | |
| ILLINOIS TOOL WORKS, INC. ) | |
| d/b/a ITW SEXTON,       ) | |
| ) | |
| Defendant.       ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiff's motion to compel defendant's responses to plaintiff's First and Second Requests for Production of Documents and First Interrogatories.[1]  The motion was filed at 8:12 p.m. on January 10, 2014, the final day of the discovery period.[2]  The Scheduling Order entered in this case on September 10, 2013 provided that "[a]ll discovery must be commenced in time to be completed by January 10, 2014.[3]

Plaintiff served defendant with his discovery requests with ample time remaining during the discovery period.  The First Request for Production of Documents and First Interrogatories were served on September 3, 2013,[4] and the

---

[1] Doc. no. 11.

[2] *See id.* at 1 (time and date stamp).

[3] Doc. no. 10 (Scheduling Order) ¶ 2 (alteration supplied).

[4] *See* doc. no. 12 (Defendant's Response to Plaintiff's Motion to Compel), at Exhibit A

Second Request for Production of Documents was served on September 20, 2013.[5] Defendant responded to plaintiff's first requests on October 18, 2013,[6] and to plaintiff's second requests on October 21, 2013.[7] Plaintiff has raised no issue with the timing of defendant's responses. Instead, plaintiff's attorney followed those responses with an e-mail dated October 22, 2013, detailing a long list of problems he perceived with the substance of the responses, and asking defendant to provide supplemental responses within two weeks. Plaintiff's attorney indicated that the e-mail was his "attempt to 'meet and confer' preceding a Rule 37 motion."[8] Defendant's attorney responded by e-mail on November 5, 2013, addressing plaintiff's objections.[9] Plaintiff's attorney sent defendant's attorney another e-mail on November 7, 2013, asking if she had any time that afternoon to talk about the discovery requests and objections.[10] Defendant's attorney responded later that same day, stating that she would be out of the office the rest of the day, but she would be

---

(Plaintiff's First Request for Production of Documents and First Interrogatories).

[5] *Id.* at Exhibit C (Plaintiff's Second Request for Production of Documents).

[6] *Id.* at Exhibit B (Defendant's Responses to Plaintiff's First Request for Production of Documents and First Interrogatories).

[7] *Id.* at Exhibit D (Defendant's Responses to Plaintiff's Second Request for Production of Documents).

[8] *Id.*, Exhibit E, at 2-4 (October 22, 2013 e-mail from Adam Porter to Anna Gualano).

[9] Doc. no. 12 (Defendant's Response to Plaintiff's Motion to Compel), Exhibit E, at 5-9 (November 5, 2013 e-mail from Anna Gualano to Adam Porter).

[10] *Id.* at Exhibit F, at 2 (November 7, 2013 e-mail from Adam Porter to Anna Gualano).

available to discuss the discovery responses the following day.[11]  Defendant represented in its response to plaintiff's motion to compel that plaintiff's attorney did not make any further efforts to contact or communicate with defendant's attorney after the November 7, 2013 e-mail.[12]

The court concludes that plaintiff's motion to compel should be denied because it was filed on the discovery deadline, and because plaintiff's attorney did not adequately confer with defendant's attorney prior to filing the motion.  By waiting until after 8:00 p.m. on the date of the discovery deadline to file the motion to compel, plaintiff made it impossible for all discovery to be *completed by* the deadline, as required by the Scheduling Order.  There is no apparent reason why plaintiff could not have filed the motion to compel on an earlier date, as plaintiff was aware of the deficiencies he perceived in defendant's responses since at least October 21, 2013.

Moreover, Federal Rule of Civil Procedure 37 requires every party filing a motion to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

---

[11] *Id.* at 3 (November 7, 2013 e-mail from Anna Gualano to Adam Porter).

[12] Doc. no. 12, at 2-3 ("Plaintiff's counsel's November 7, 2013 e-mail was his last correspondence with counsel for Sexton about these discovery issues until this motion was filed after the close of business on the final day of the discovery period.  Plaintiff's counsel did not contact counsel for Sexton on November 8, 2013 and has not made any effort to confer with Sexton's counsel about the discovery requests at issue in this motion since the November 7 e-mail exchange.") (footnote omitted).

3

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). While it cannot be denied that plaintiff's attorney *initiated* attempts to confer with defendant's attorney, he abandoned those attempts before completing them and, thus, he did not confer *in good faith* with defendant's attorney. Plaintiff's act of merely sending a single e-mail complaining of deficiencies with defendant's discovery responses does not satisfy the meet-and-confer requirement of Rule 37(a)(1), especially when defendant had specifically indicated a desire to further discuss the issue, which plaintiff ignored. *See, e.g.*, *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D. P.R. 2011) (holding that emails and letters sent to defendant were insufficient to satisfy the meet-and-confer requirement where plaintiff never agreed to meet with defendant to resolve discovery issues); *Robinson v. Napolitano*, No. CIV. 08–4084, 2009 WL 1586959, at *3 (D. S.D. June 4, 2009) (finding that a letter outlining the reasons that one party believed that the opposing party's discovery responses were insufficient did not satisfy the meet-and-confer requirement); *Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (holding that a single e-mail from defense counsel to plaintiff's counsel was insufficient to satisfy the meet-and-confer requirement when "[d]efense counsel disregarded Plaintiffs' counsel's suggestion that the parties schedule a conference call to address the discovery schedule") (alteration supplied); *Hays v. Adam,* 512 F. Supp.

2d 1330, 1334 (N.D. Ga. 2007) (holding that a single letter to opposing counsel "does not constitute a sufficient effort to resolve the issue outside of court pursuant to Rule 37(a)" and a local rule); *Williams v. Board of County Commissioners of Unified Government of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 698, 699 (D. Kan. 2000) (specifying that "sending unanswered correspondence to opposing counsel demanding discovery be produced by a specific deadline" does not satisfy the meet-and-confer requirement); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) ("[P]arties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.") (alteration supplied).

While Rule 37(a)(1) does not always mandate an in-person conference, it does require a *two-way conversation*, during which the discovery disputes are *meaningfully discussed* in an *honest, good-faith attempt to resolve the disputes*. Those requirements were discussed in the opinion of the District Court of Nevada in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D.Nev. 1996), as follows:

> In addition to including the actual certification with a motion [requesting a court order] compelling discovery, the movant must have performed as set forth in the rule [*i.e.*, Rule 37(a)(1)]. This means *a moving party must in good faith confer or attempt to confer with the nonresponsive party regarding the discovery dispute*. The first element of performance is "good faith" in conferring. "Good faith" under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose

to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. *See Black's Law Dictionary* 624 (5th ed. 1979). "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. *Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.*

The "conferment" is the second component of performance. *It requires a party to have had or attempted to have had an actual meeting or conference.* Such an obligation is clear from the plain meaning of the word "confer", which derives from the Latin roots *com* meaning "together" and *ferre* meaning "to bring." Hence, the word literally translates as "to bring together." The Court therefore finds that in order to bring a proper motion to compel under Rule 37(a)(2)(B), *a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention*. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118 (D.Nev. 1993).

170 F.R.D. at 172 (alterations and emphasis supplied). Here, plaintiff forestalled any possibility of a *meaningful* discussion of his objections to defendant's discovery responses by neglecting to contact defendant for a follow-up conversation. Accordingly, plaintiff did not satisfy the meet-and-confer requirements of Rule 37(a)(1), and his motion to compel is DENIED.

DONE this 23rd day of January, 2014.

_____
United States District Judge